**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4080**

———————

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

     v.

TONYA LYNN PRESSLEY,

                  Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior District Judge.  (7:08-cr-00796-HMH-2)

———————

Submitted:  August 16, 2012        Decided:  August 20, 2012

———————

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tonya Lynn Pressley appeals from her twenty-four-month sentence imposed upon revocation of her supervised release. On appeal, counsel has filed an Anders v. California, 386 U.S. 738 (1967), brief stating that there are no meritorious issues, but raising whether Pressley's sentence was plainly unreasonable. We affirm.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438. A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider in a supervised release revocation case. See Crudup, 461 F.3d at 439. Although the court need not explain the reasons for imposing a revocation

2

sentence in as much detail as when it imposes an original sentence, "it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439.

After review of the record, we conclude that the revocation sentence is not plainly unreasonable. The twenty-four-month prison term does not exceed the applicable maximum allowed by statute. The district court considered the argument of Pressley's counsel and allocution by Pressley and her mother and son, the Guidelines advisory range, and addressed on the record Pressley's significant and continuing pattern of theft and drug use, and her inability to comply with supervised release. See 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(C); U.S. Sentencing Guidelines Manual Ch. 7, Pt. A, introductory cmt. 3(b) (2011). The district court adequately explained its rationale for imposing sentence, and the reasons relied upon are proper bases for the sentence imposed.

3

Accordingly, we conclude that Pressley's sentence was reasonable. Pressley filed a pro se supplemental brief requesting a lower sentence because the charges against her that constituted Grade A violations were dismissed. In accordance with <u>Anders</u>, we have reviewed the issues Pressley raises in her informal brief and the record in this case and have found no meritorious issues for appeal. We therefore affirm Pressley's conviction and sentence. This court requires that counsel inform Pressley, in writing, of the right to petition the Supreme Court of the United States for further review. If Pressley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pressley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>